Caeuthebs, J.,
delivered the opinion of the court.
This is a proceeding in forcible entry and detainer. The case turns upon a single question of law, contained in the charge of the court. The law was charged to be that, “if the plaintiff had removed from the place, but inchoated by fastening the doors of the house, and the gates of the enclosure, that they did not intend to abandon the possession, and a casual trespasser oj>ened the gates and doors, and the defendant afterwards even without any concert with the trespassers, finding the house open entered under a claim, and without actual force, that he would be liable to be proceeded against in this action.” Under the facts of the case there can be no doubt, but that the charge on this point controlled the verdict. We think the charge was erroneous. The entry m such a case would not be forcible in fact or in law, in the sense of the statute giving this action, and therefore the defendant would not be liable to this proceeding, but only to an action in which the-strength of title could' be tested. True, he would be guilty of an ouster, *248 if not tbe true owner, and subject to an action of trespass or ejectment, but not to forcible entry and detainer. It can make no' difference by wbat means and by whom tbe bouses were opened, if tbe defendant cannot be connected with it. An entry by bim peaceably and without force or violence, does not render bim liable to tbis summary remedy. If be finds tbe premises vacated, and tbe bouses opened, tbe idea of force surely cannot be connected with bis entry. How tbe means by wbicb tbe premises became vacant could affect tbe question, we are unable to perceive, unless it should appear that tbe trespasser was acting for bim, or by bis concert or procurement, in wbicb case, the force would be imputed to bim and be would be liable.
Tbe judgment will be reversed, and cause remanded.